**SAFEWAY TRANSPORTATION, INC.**

**v.**

**WEST CHAMBERS TRANSPOR-TATION, INC., et al.**

**Civil Action No. G–99–173.**

United States District Court,
S.D. Texas,
Galveston Division.

May 15, 2000.

Edward C Wesley, Attorney at Law, Texas City, Ruby Kless Sondock, Houston, TX, for Ed Wesley, Ruby K. Sondock.

Stephen W Schueler, Winstead Sechrest & Minick, Houston, TX, for Safeway Transportation, Inc.

James M. Haggard, Huntsville, Andrew F. Spalding, Bracewell & Patterson, Jeffrey Alan Kaplan, Glidden Partners, Houston, for West Chambers Transportation, L.L.C., West Chambers Industrial Park, Ltd., 565, L.L.C., Fred C Dittman, Jr., Robert L. Massengale, Candace Nauk, Greg Sharp, Gerald Strahan, Rex Johnson, Nisha Dittman.

### ORDER GRANTING PLAINTIFF LEAVE TO AMEND COMPLAINT

KENT, District Judge.

Plaintiff Safeway previously moved for leave to amend its Complaint to include a claim for conspiracy to breach an employee's fiduciary duty. In an Order dated February 29, 2000 the Court denied Plaintiff's Motion For Leave to Amend The Complaint. Now before the Court is Plaintiff's Motion For Reconsideration, seeking to have the Court reverse its prior Order. For reasons explained more fully below, that Motion is **GRANTED,** the Court's prior Order Denying Plaintiff's Motion For Leave To Amend is **VACATED,** and Plaintiff is hereby **GRANTED LEAVE** to amend its Complaint to include a claim for conspiracy to breach an employee's fiduciary duty. In addition, **ANDREW F. SPALDING, DEFENDANTS' COUNSEL,** is ADMONISHED for his unprofessional conduct, and warned that any future lapses will result in **SEVERE SANCTIONS.**

## I. Factual and Procedural Background

Plaintiff Safeway is a mid-sized commercial trucking firm specializing in the shipment of dry and liquid bulk chemicals. Defendants Nauk, Sharp, and Strahan are former employees of Safeway. Safeway currently leases their operating facilities from Defendant West Chambers Industrial Park. In the summer of 1998, Strahan and Sharp persuaded Safeway's president to relocate Safeway's Houston operation from its original Baytown location to the West Chamber Industrial Park facilities. Within approximately six months after this relocation, Defendants Nauk, Sharp, and Strahan had resigned from Safeway and were employed by a newly created, competing trucking company, Defendant West Chambers Transportation, L.L.C. In essence, Safeway complains that after its Baytown operation was relocated, its former employees, acting in concert with Safeway's landlord and other individuals, wrongfully appropriated Safeway's confidential and proprietary information in the course of creating a competing trucking business.

Safeway's Original Complaint includes causes of action for conversion, unfair competition, misappropriation of trade secrets, breach of fiduciary duty, breach of lease and implied covenant of quiet enjoyment, tortious interference with Safeway's lease, defamation, and fraud in a real estate transaction. Safeway seeks leave to amend its Complaint to include a cause of action for conspiracy to breach an employee's fiduciary duties towards his employer.

The trial of this action was originally scheduled for March 27, 2000. However, at the request of the parties, the trial date has been moved to January, 2001.

## II. Leave To Amend

■ The Federal Rules of Civil Procedure provide that after the time period has passed for a party to amend his Complaint as of right, a party "may amend the party's pleading only by leave of the court or by written consent of the adverse party." Fed R. Civ. P. 15(a). However, the Rules also provide that "leave shall be freely given when justice so requires." *Id.* "The policy behind Fed.R.Civ.P. 15(a) is to freely allow amendments unless the rights of the adverse party would be unduly prejudiced." *Thompson v. New York Life Ins. Co.,* 644 F.2d 439, 444 (5th Cir. Unit B 1981). "This policy is certainly strongest where the motion challenged is the first motion to amend." *Id.*

■ The claim Plaintiff seeks to add is intimately related to the claims already plead in Plaintiff's Original Complaint. Thus Defendants will not be unfairly surprised by the addition of a new cause of action. Moreover, this is not a case where Defendants will be unfairly prejudiced by an eleventh hour amendment to Plaintiff's Complaint: the trial of this action has been re-scheduled to January of 2001.

Defendants do not argue that they will be unfairly prejudiced by this Court's granting Plaintiff leave to amend the Original Complaint. Instead, Defendants argue that: 1) Defendants Dittman and Massengale cannot be individually liable because they were acting in the course of their employment; 2) that there are no facts to support the existence of a conspiracy to breach an employee's fiduciary duty; and 3) Texas law does not recognize a fiduciary duty between a ordinary employee and his employer. Defendant's first two arguments are more properly characterized as attempts to advance a defense or motivate a motion for summary judgment, rather than reasons to deny a mere request by Plaintiff to amend its Complaint. The Court will, however, briefly address Defendant's third argument.

Defendants make much of the fact that the former employees of Safeway were not directors or officers of the company. Defendants also point out that the employees did not execute a non-compete agreement, a confidentiality agreement, nor even an employment agreement. From these facts

Defendants conclude that the former employees cannot possibly be said to owe a fiduciary duty towards their employer. Defendants then argue that because conspiracy is a derivative tort, in the absence of fiduciary duty, there can be no conspiracy to breach such a fiduciary duty.

The Court is inclined to agree that these facts tend to undermine the existence of any *formal* fiduciary relationship between the former employees and Safeway. Formal fiduciary relationships are based on the status of the parties, and include such familiar examples as the duty an attorney owes his client, the duty an agent owes his principle, and the duty an executor of an estate owes the beneficiaries of that estate.

However, Plaintiff does not appear to be arguing that the former employees had a formal fiduciary relationship based on their status as ordinary employees. Instead, Plaintiff appears to be arguing that the former employees breached an *informal,* common-law "fiduciary" duty. This informal common-law "fiduciary" duty arose from the nature of their employment and the trust their employer reasonably extended to them to maintain the confidentiality of patently sensitive propriety information.

■ According to recent pronouncements of the Texas Supreme Court, Texas law recognizes not only formal fiduciary relationships, but also informal, common-law "fiduciary" relationships. *See Crim Truck & Tractor Co. v. Navistar,* 823 S.W.2d 591, 594 (Tex.1992) ("We have also recognized that certain informal relationships may give rise to a fiduciary duty"). There appear to be two kinds of informal, common-law "fiduciary" duties. One, termed a "special relationship" gives rise to a tort duty of good faith and fair dealing. *See id.*

■ The other common-law "fiduciary" relationship, and the one Plaintiff seems to be relying on, is referred to as a "confidential relationship." *See id.* A confidential relationship may arise "where one person trusts in and relies upon another, whether the relation is a moral, social, domestic or merely personal one." *Id.* (quoting *Fitz–Gerald v. Hull,* 150 Tex. 39, 237 S.W.2d 256, 261 (1951)). "Because not every relationship involving a high degree of trust and confidence rises to the stature of a formal fiduciary relationship, the law recognizes the existence of confidential relationships in those cases 'in which influence has been acquired and abused, in which confidence has been reposed and betrayed'" *Id.* (quoting *Texas Bank & Trust Co. v. Moore,* 595 S.W.2d 502, 507 (Tex.1980)). The existence of a confidential relationship is ordinarily a question of fact. *See id.*

■ In a case involving alleged unfair competition and misappropriation of trade-secrets and confidential information, it seems at least possible that a trusted employee, who is not an officer or director, may indeed owe a quasi-fiduciary duty towards his employer under Texas law. *See Molex Inc. v. Nolen,* 759 F.2d 474, 479 (5th Cir.1985)(finding that a salesman who disclosed confidential information and trade secrets, and stole customers from his employer, breached his fiduciary duty towards his employer, because Texas law recognizes informal fiduciary relationships); *Kinzbach Tool Co. v. Corbett–Wallace Corp.,* 138 Tex. 565, 160 S.W.2d 509, 513 (1942)(holding that seven year "trusted employee" owed fiduciary duties towards his employer); *Herider Farms–El Paso, Inc. v. Criswell,* 519 S.W.2d 473, 476 (Tex. App.—El Paso 1975, writ ref. n.r.e.)("Criswell, as manager of Herider's business in El Paso, occupied a position which would give rise to the duties of a fiduciary").

■ Moreover, the absence of a formal non-compete agreement or a confidentiality agreement does not preclude the existence of a quasi-fiduciary common-law duty. *See Zoecon Indus. v. American Stockman Tag Co.,* 713 F.2d 1174, 1178 (5th Cir.1983)(noting that a confidential relationship giving rise to a duty not to

disclose trade secrets can be created by either express contractual agreement, or be implied under Texas law from the nature of the employment relationship and the employee's intimate knowledge of his employer's business). Finally, if there is a fiduciary duty between the employee and his employer, a third party can be held liable for conspiring with the employee to breach this duty. *See Criswell,* 519 S.W.2d at 476–77("[T]he rule in Texas is that even in the absence of a contract a person commits an actionable wrong if he induces the servant of another to break his contract or employment with another, to such other's damage in order to enter into a new contract for him who induces the breach to his benefit or with the intent to injure the former employer."); *American Petrofina Co. of Texas v. Crump Business Forms, Inc.,* 597 S.W.2d 467, 468 (Tex.Civ. App.—Dallas 1980, writ ref'd n.r.e.) (reversing trial court's grant of defendant's motion for summary judgment because evidence suggested that seller of printed forms conspired with employee of buyer to breach employee's fiduciary duties towards employer).

The Court is frankly skeptical that Plaintiff will be able to develop facts tending to show that Defendants Nauk, Sharp, and Strahan were highly trusted employees with a corresponding common-law "fiduciary" duty towards their employer. "A fiduciary relationship is an extraordinary one and will not be lightly created; the mere fact that one subjectively trusts another does not alone indicate that confidence is placed in another in the sense demanded by fiduciary relationships…" *Hoggett v. Brown,* 971 S.W.2d 472, 488 (Tex.App.—Houston [14th Dist.] 1997, writ denied). For that matter, even if Plaintiff demonstrated the existence of a fiduciary relationship, Plaintiff will fail to impose liability on third parties unless Plaintiff succeeds in the onerous task of establishing all the factual predicates for a claim of conspiracy to breach that fiduciary duty. But the Motion before the Court is simply

a request for leave to amend a Complaint, not a motion for summary judgment. In light of those aspects of Texas law described above, and in the absence of any convincing argument that Defendant will be prejudiced by permitting Plaintiff to amend its Complaint, the Court concludes that the interests of justice require that leave be granted to allow Plaintiff to amend its Complaint. Consequently, the Court's earlier Order Denying Plaintiff's Motion For Leave To Amend The Complaint is **VACATED**; Plaintiff's Motion For Reconsideration is **GRANTED,** and Plaintiff is hereby **GRANTED LEAVE** to amend its Complaint.

### III. Defendants' Briefing

A deliberate attempt to mislead a federal tribunal is a serious breach of legal ethics. Defendants' counsel Andrew F. Spalding has come perilously close to inviting sanctions for such conduct.

On April 4, 2000 Defendants submitted for the consideration of the Court a document styled "Certain Defendants' Response In Opposition To Safeway's Motion For Reconsideration". On the fifth page of this document, Defendants' counsel states:

> To the contrary, there must be a particular and special relationship between the employer and employee for there to exist a fiduciary obligation. *See Cartwright v. Minton,* 318 S.W.2d 449, 453 (Tex.Civ.App.—Eastland 1958, writ ref'd n.r.e.)(court of appeals holds that an employee and employer were not fiduciaries, and expressly limits the *Kinzbach* case to its facts.)

The *Kinzbach* case was one of the primary cases Plaintiff relied upon for the proposition that Texas law sometimes imposes informal "fiduciary" duties on an ordinary employee. Thus if the *Cartwright* case had been accurately described by the Defendants, it would have been highly relevant to the Court's analysis of Plaintiff's Motion For Reconsideration. Moreover, since *Cartwright* was the only case Defen-

dants cited for the proposition that "there must be a particular and special relationship between the employer and the employee for there to exist a fiduciary relationship," the Court was bound to give the *Cartwright* case careful attention.

According to Defendants, the *Cartwright* court "holds that an employee and employer were not fiduciaries." This statement is false. The *Cartwright* case did not involve employees or employers, but rather the executor of a will and some testamentary remaindermen. *See Cartwright*, 318 S.W.2d at 450.

According to Defendants, the *Cartwright* court "expressly limits the *Kinzbach* case to its facts." This statement is also false. The *Kinzbach* case is cited only once in the *Cartwright* opinion, at the very end of a string citation. *See Cartwright*, 318 S.W.2d at 452. The string citation is provided to support a proposition of law which is actually *favorable* to Plaintiff Safeway.[1] The Eastland Court of Appeals in *Cartwright* clearly did not "expressly limit" the holding of the Texas Supreme Court in *Kinzbach*.

It is not plausible to suppose that Defendants' false characterization of *Cartwright* was the result of a typographical error. In addition, the words chosen by Defendant are plain and unambiguous. A practitioner who claims that a court "held" a certain way, or "expressly limited" a case, is using forceful language which admits of only one interpretation. Nor is this a legal issue of great complexity or subtlety which might cause an honest but dimwitted or overly hasty lawyer to misstate the legal principles involved. The Court is forced to conclude that Defendants' counsel has submitted a formal, written document which contains blatant mischaracterizations of controlling Texas law, and has done so in an attempt to affirmatively mislead the Court. **THIS UNPROFESSIONAL AND UNETHICAL CONDUCT WILL NOT BE TOLERATED.** All of Defendants' future submissions in this case will be painstakingly scrutinized for legal and factual accuracy. If similar ethical lapses are discovered, the most **SEVERE SANCTIONS** will issue.

### IV. Conclusion

Plaintiff's Motion For Reconsideration is **GRANTED,** and Plaintiff is given **LEAVE TO AMEND** its Complaint to add a claim for conspiracy to breach an employee's "fiduciary" duty. The parties are **ORDERED** to file no further pleadings on these issues in this Court, including motions to reconsider or the like.

**IT IS SO ORDERED.**

---

1. The *Cartwright* court cited *Kinzbach* in support of the proposition that Texas law recognizes *both* formal "technical fiduciary relations" and also non-technical fiduciary relations which arise "from informal relations which exist whenever one party trusts or relies upon another." *Cartwright,* 318 S.W.2d at 452.